**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SIMMON LEE WILCOX,

    Defendant - Appellant.

No. 16-4094
(D.C. No. 2:13-CR-00717-TS-PMW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

We affirm the sentence of Defendant Simmon Lee Wilcox because he has not pre-served arguments sufficient to show error in the calculation of his offense level.

In 2013 a grand jury indicted Defendant and five others in an indictment alleging an oxycodone-distribution conspiracy. Five counts named Defendant: one count of con-spiring to distribute oxycodone, *see* 21 U.S.C. §§ 841(a)(1) and 846, and four counts of

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distributing oxycodone, *see* 21 U.S.C. § 841(a)(1). In 2016 a jury found Defendant guilty of the conspiracy count and one distribution count.

The presentence investigation report (PSR) prepared by the probation office calculated Defendant's guidelines sentence using the 2015 version of the Guidelines Manual. Defendant's base offense level depended on the quantity of oxycodone attributed to him. The government had indicated that his conspiracy-related conduct concerned 81,010 pills, each containing 30 milligrams of oxycodone. This amounted to 2,430.3 grams of oxycodone. Under the guidelines equivalency table, one gram of oxycodone equals 6,700 grams of marijuana, s*ee* USSG § 2D1.1 cmt. 8(D), so the marijuana-equivalent amount associated with Defendant was 16,283.01 kilograms. Defendant's base offense level was therefore 34, which applies when the marijuana-equivalent range is "[a]t least 10,000 KG but less than 30,000 KG." *Id.* § 2D1.1(c)(3). The PSR's ultimate calculation was a total offense level of 36 and a criminal-history category of I, resulting in a sentencing range of 188 to 235 months.

In a memorandum responding to the PSR, Defendant's sole objection to the calculation of his offense level was that the alleged conspiracy did not start until January 2011, so any pills associated with earlier time periods should not be included. Miscomputing the marijuana equivalent, he argued that "[t]his reduces the pill count by approximately 8000 to a drug quantity reduction under the Marihuana Equivalency to less than 10,000 kg." R., Vol. 2 at 373. At his sentencing hearing Defendant's sole pill-quantity argument again concerned the alleged 8,000 preconspiracy pills. In response the government argued that trial testimony showed that the conspiracy began before January 2011, making

it appropriate to associate pills from that period with Defendant. The district court over-ruled Defendant's pill-count objection, and gave him a below-guidelines sentence of 100 months.

On appeal Defendant raises several challenges to pills predating and postdating January 2011, suggesting that collectively they cut enough pills from his total to bring the marijuana-equivalent amount of oxycodone associated with him below 10,000 kilograms, which would reduce his offense level by two levels. We note that the oxycodone equivalent of 10,000 kilograms of marijuana would be 1,492.54 grams of oxycodone, or about 49,750 of the 30-milligram oxycodone pills. To reduce the number of pills enough to lower Defendant's base offense level from 34 to 32, Defendant would need to show that 31,260 of the 81,010 pills attributed to him should not have been attributed.

We question whether Defendant's arguments, even if fully credited, would reduce the number of pills attributed to him by 31,260. But we need not go through those arguments. He did not present to the sentencing court any challenge to pills distributed after January 2011, and our "general rule [is] that we do not address arguments presented for the first time on appeal." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). As for the 8,000-pill argument that Defendant did preserve, the argument is unavailing because it would not reduce Defendant's offense level even if it were successful.

3

We **AFFIRM** the district court's sentence.

Entered for the Court


Harris L Hartz
Circuit Judge